UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAMERON LENELL ADAMS,

                    Petitioner,                    Case No. 1:14-cv-1073

v.                                                 Honorable Gordon J. Quist

MARY BERGHUIS,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner is serving a concurrent term of twenty to fifty years, imposed by the Berrien County Circuit Court on January 10, 2011, after Petitioner pleaded guilty to armed robbery, MICH. COMP. LAWS § 750.529, and being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f.  Petitioner was sentenced as a habitual offender.  MICH. COMP. LAWS § 769.10.  In his amended *pro se* petition, Petitioner raises three grounds for relief, as follows:

I.      PETITIONER WAS DENIED HIS FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO A FAIR TRIAL, WHEN TRIAL COUNSEL SABOTAGED THE PROCEEDINGS AND ABANDONED PETITIONER.

II.     PETITIONER WAS DENIED HIS FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN APPELLATE COUNSEL SABOTAGED AND ABANDONED PETITIONER.

III.    PETITIONER HAS MET THE BURDEN OF CAUSE AND PREJUDICE UNDER MCR 6.508(D) IN THIS MATTER.

(Am. Pet., 5-7, ECF No. 14, PageID.86–88.)  Respondent has filed an answer to the petition (ECF No. 14) stating that the grounds should be denied because Petitioner's claim against trial counsel is procedurally defaulted and that the remaining claims have no merit.  Upon review and applying the AEDPA standards, I find that the claims have no merit.  Accordingly, I recommend that the petition be denied.

**Factual and Procedural History**

    A.    **Trial Court Proceedings**.

        Petitioner was accused of participating in the March 19, 2009, armed robbery at Wings 'n Things, a corner store located in the city of Benton Harbor, Michigan.  Petitioner was subsequently charged with armed robbery, being a felon in possession of a firearm, larceny of a firearm, and felony firearm.  Petitioner was bound over for trial on the charges following a preliminary examination held on September 2, 2010.  On December 7, 2010, two days before his trial date, Petitioner pleaded guilty to armed robbery, as well as being a felon in possession of a firearm, and admitted one prior felony conviction. (Plea Tr. 10, ECF No. 27-5, PageID.263.)  In exchange for the plea, the prosecutor dismissed the charges for larceny of a firearm and felony firearm as well as two other supplements.  Furthermore, the prosecutor agreed to dismiss all the charges in a separate prosecution, which charged Petitioner with receiving and concealing a stolen firearm and being a felon in possession, as well as other related supplements.  (*Id.*)  For the factual basis of his plea, Petitioner admitted he had a prior felony conviction, that he planned, along with another individual, to rob the corner store, that the two did in fact rob the corner store, that he removed money and a shotgun from the store during the course of the robbery, and that his accomplice had a handgun and

- 2 -

held the store clerk at bay during the course of the robbery.  (Plea Tr. 13-14, ECF No. 27-5, PageID.266–267.)

   At the plea hearing, the trial court informed Petitioner that in pleading guilty to Counts 1 and II, as well as admitting he was a habitual offender, he faced a sentence of life or any term of years for Count I, and up to seven and half years plus a $7,500 fine for Count II.  (Plea Tr. 6, ECF No. 27-5, PageID.259.)  Petitioner stated that he fully discussed the plea agreement with his counsel, that he understood the plea agreement, and the rights he was waiving by pleading guilty, and that he was pleading guilty of his own free will.   (Plea Tr. 7-12, ECF No. 27-5, PageID.260–265.)

   At the sentencing hearing held on January 11, 2011, the trial court informed Petitioner that the minimum guideline range was 135 to 281 months for Count 1, and 22 to 47 months for Count II.  (Sentencing Tr. 3, ECF No. 27-6, PageID.273.)  It then sentenced Petitioner to a concurrent sentence of a minimum of 240 months to a maximum of 600 months in prison, noting Petitioner had a history of continuing and escalating violence. (Sentencing Tr. 11-12, ECF No. 27-6, PageID.282.)  A fine and restitution were also ordered.  (*Id.*)  Petitioner subsequently filed a motion to withdraw his plea, claiming that he did not understand he could be sentenced beyond the minimum guideline range.  At a motion hearing held on August 29, 2011, the trial court denied Petitioner's motion.  (Motion Hr'g, 9, ECF No. 27-7, PageID.293.)

   **B.**  **Direct Appeal.**

   Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals asserting the following claim:

> I.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA WHEN DEFENDANT PLED UNDER A MISAPPREHENSION AS TO HIS SENTENCE DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

(Def.-Appellant's Br. On Appeal, ii, ECF No. 27-10, PageID.336.)  The Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented.  (*See* 11/8/11 Mich. Ct. App. Order, ECF No. 27-10, PageID.330.)  The Michigan Supreme Court rejected Petitioner's application for leave to appeal this determination, stating that "we are not persuaded that the question presented should be reviewed by this Court." (*See* 3/6/12 Mich. Order, ECF No. 27-11, PageID.345.)

### C.    Post-conviction relief.

Thereafter, Petitioner filed in the trial court a motion for relief from judgment asserting the following claims:

> I.    PETITIONER WAS DENIED HIS FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO A FAIR TRIAL AS GUARANTEED UNDER BOTH STATE AND FEDERAL CONSTITUTIONS, WHEN TRIAL COUNSEL NOT ONLY SABOTAGED PETITIONER'S CRIMINAL PROCEEDINGS, BUT THEN ABANDONED PETITIONER, WHICH CONDUCT RESULTED IN STRUCTURAL ERROR THAT MANDATES PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY.

> II.   PETITIONER WAS DENIED HIS FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO A FAIR TRIAL AS GUARANTEED UNDER BOTH STATE AND FEDERAL CONSTITUTIONS, WHEN APPELLATE COUNSEL NOT ONLY SABOTAGED PETITIONER'S APPEAL, BUT THEN ABANDONED PETITIONER, WHICH CONDUCT RESULTED IN STRUCTURAL ERROR THAT MANDATES PETITIONERS [SIC] IMMEDIATE RELEASE FROM CUSTODY.

> III.  PETITIONER HAS MET THE BURDEN OF CAUSE AND PREJUDICE UNDER MCR 6.508(D) IN THIS MATTER.

(2/28/13 Mot. For Relief from J., ECF No. 27-8, PageID.296.)  The trial court denied Petitioner's motion on both procedural and substantive grounds.  (4/22/13 Order Den. Def's. Mot. for Relief from J., ECF No. 27-9, PageID.325–329.)  Petitioner appealed the matter to both the Michigan Court of Appeals and the Michigan Supreme Court.  Both courts denied Petitioner leave to appeal on the ground that Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D).  (*See* 11/25/13 Mich Ct. App. Order, ECF No. 27-12, PageID.368, 6/24/14 Mich. Order, ECF No. 27-13, PageID.406.)  Petitioner initiated the present action on October 15, 2014.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

### I.      Ineffective Assistance of Trial Counsel.

In his amended petition, Petitioner argues that his trial attorney's performance was deficient due to his failure to prepare a trial strategy, investigate the case, and interview witnesses. He further claims his plea was not knowing or voluntary because counsel incorrectly advised him that his guilty plea would result in a lesser sentence than was actually imposed.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

- 8 -

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. When a state prisoner asks a federal court to set aside a conviction due to ineffective assistance of counsel during the plea bargaining stage, a federal court is required to utilize a "'doubly deferential'" standard of review "that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (applying doubly deferential ineffective assistance of counsel standard to a new attorney's recommendation to withdraw a guilty plea, despite the attorney's failure to consult with the prior attorney or consult the record prior to making the recommendation).

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.   Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea.  *See United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001).  As regards Petitioner's argument that his counsel failed to prepare a trial strategy, investigate the case, or interview witnesses, these claims of ineffective assistance do not attack the voluntary or intelligent nature of his plea by showing that counsel's advice was inadequate, but instead relate to earlier alleged constitutional deprivations.   The claims have therefore been waived by his subsequent guilty plea.  *See Stiger*, 20 F. App'x at 308-09; *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived).[1]

        To the extent Petitioner claims that these alleged errors prevented the plea from being knowing and voluntary, *see Tollett*, 411 U.S. at 266-67, he has failed to make such a showing in this case.  Because Petitioner was well aware of counsel's alleged failures at the time he decided to plead guilty, he cannot  show prejudice, i.e., that but for counsel's failures he would have insisted on going

---

[1] The Court notes that these grounds for Petitioner's ineffective assistance of trial counsel were raised for the first time in his motion for relief from judgment, rather than on direct appeal, as typically required by Michigan law.  "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010).  Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ( "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Petitioner argues that the ineffective assistance of trial and appellate counsel serve as cause excusing his defaults.  Where, as here, the procedural default issues raise more questions than the case on the merits, the Court will proceed to the merits of the claims without deciding the issues involved in the procedural defaults. *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

- 10 -

to trial and not pled guilty. Petitioner's vague and conclusory assertions of prejudice are insufficient to demonstrate his plea was not knowing or voluntary under the circumstances.

Applying the "doubly deferential" AEDPA standard to Petitioner's remaining argument–that his plea was rendered unknowing and involuntary because counsel informed him that his guilty plea would result in a lesser sentence than was actually imposed–the trial court's conclusion that defense counsel's performance was constitutionally sufficient was entirely reasonable. At the plea hearing, Petitioner stated under oath that he understood the charges against him and that it was punishable by a maximum sentence of any number of years up to life imprisonment. (Plea Tr. 6.) Petitioner further agreed that by pleading guilty, he was waiving the right to later claim that his plea was the result of promises or threats that he failed to disclose to the court or to later claim that it was not his choice to plead guilty. (Plea Tr. 10.) Petitioner further confirmed that he had not been promised anything in return for his plea, and that his plea was not the result of threats or coercion. (Plea Tr. 11-12.) "Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993); *see also Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *Warner v. United States*, 975 F.2d 1207, 1210 (6th Cir. 1992).

Moreover, Petitioner cannot show prejudice from counsel's alleged failures. As discussed, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Hill*, 474 U.S. at 58-59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, the

petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). Petitioner cannot make that showing merely by claiming that he would have gone to trial if he had gotten different advice. *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012); *see also Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla*, 668 F.3d at 373 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. The prosecutor had a very strong case against Petitioner, as evidenced by the preliminary examination testimony which included testimony regarding Petitioner's own admissions. (Prelim. Exam Hr'g. 34-35, ECF No. 27-4, PageID.239–240.) Petitioner has also failed to show that he has any viable defense to the charges. Petitioner, therefore, almost certainly would have been convicted of the charged offenses and the trial court would have calculated the same guideline range. Moreover, had Petitioner denied guilt and gone to trial, the trial court would very likely have imposed a higher minimum sentence. More importantly, by pleading guilty in this case, the remaining charges were dismissed. Under the circumstances, this Court cannot find that the decision to reject the plea bargain would have been rational. Petitioner, therefore, cannot show that he was prejudiced by counsel's performance.

The Michigan courts rejected Petitioner's ineffective assistance of trial counsel claim. In light of the authority above and the evidence of record, the Court concludes that the denial of this

- 12 -

claim is neither contrary to, nor involves an unreasonable application of, clearly established federal law.  Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, this claim raises no issue upon which habeas relief may be granted.

## II.        Ineffective Assistance of Appellate Counsel.

In his second ground for relief, Petitioner argues that his appellate counsel sabotaged his appeal and abandoned him by not raising the issues that he later raised in his motion for relief from judgment, and further rendered deficient assistance by failing to assist him in filing a supplemental "Rule 4" brief.

Claims of ineffective assistance of appellate counsel are measured under the above *Strickland* standards.  *See Evitts v. Lucey*, 469 U.S. 387 (1985).  Appellate counsel acts within the fair range of professional assistance when counsel chooses not to assert weak or unsupported issues on appeal.  *See Smith v. Murray*, 477 U.S. 527, 536 (1986).  Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel.  *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy."  *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).  Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert.  *Id.*; *see Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012).  Appellate counsel has no duty to raise

meritless issues. *Evitts*, 469 U.S. at 394; *Jones*, 463 U.S. at 753-54; *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

The arguments that Petitioner raised in his motion for relief from judgment are meritless. As noted above, his claims regarding pre-trial proceedings were waived by his guilty plea. Petitioner's argument regarding his sentencing range is also without merit. Petitioner acknowledged on the record that he understood his potential sentence and that he had not been promised any sentence. In addition, Petitioner suffered no prejudice stemming from his appellate counsel's decision not to raise those arguments on direct appeal. So too, Petitioner cannot demonstrate that appellate counsel was ineffective for failing to file a supplemental "Rule 4" brief. *See Hardiman v. Curtin*, No. 1:06-cv-177, 2009 WL 2616259, at *14-15 (W.D. Mich. Feb. 13, 2009) (citing *Dowdy v. Sherry*, No. 06-cv-10735, 2008 WL 5188827 (E.D. Mich. Dec. 10, 2008) and finding no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel), *report and recommendation approved*, No. 1:06-cv-177, 2009 WL 2616256 (W.D. Mich. Aug. 25, 2009). Accordingly, Petitioner's claim should be denied. The state court's denial of his claims of ineffective assistance

- 14 -

of counsel easily withstands scrutiny under the "doubly deferential" standard of review.  *See* 28 U.S.C. § 2254(d)(1).

### III.    Motion For Relief From Judgment in Trial Court.

Petitioner finally contends that the trial judge failed to properly rule on his motion for relief from judgment brought pursuant to MICH. CT. R. § 6.508.  While Petitioner's argument includes references to ineffective assistance of counsel, he raises this issue in the context of showing cause and prejudice with respect to the trial judge's denial of his motion for post-conviction relief under Michigan law.  Petitioner's claim, which challenges a ruling in a state collateral post-conviction proceeding, is not cognizable on federal habeas review.  "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).  Accordingly, Petitioner's claim for relief on Issue III should be denied.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.  See *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  February 27, 2017                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).